Good morning, and may it please the Court. My name is Alfredo Chirijos, and I represent Plaintiff Appellant June Johnson. I'd like to reserve the Court's permission, three minutes, for rebuttal. Fundamentally, two questions are at issue in this case. The first is whether representations concerning the characteristics or the makeup of prices are actionable, and the second is whether a plaintiff has standing, even though that plaintiff does not elect. Once you take about 30 seconds, tell us about the case. Yes, Your Honor. So we have a lot of people who have just come here to watch you today. They want to know what's going on. Well, Your Honor. This is your opportunity. To shine, if you will. Or not. So this case is fundamentally a consumer fraud case. It involves the purchase of automobile batteries. Plaintiff purchased a battery. Why don't we make it even more, communicate more clearly, like a newspaper story. Like, June Wilberton Johnson bought a car battery at Wal-Mart in Ridgeport, California. Thank you. I will do it that way. And forgot her credit card. But go ahead. In August of 2010, Plaintiff, June Johnson, purchased a lead acid car battery at Ridgecrest, California, store of Wal-Mart. The battery that she purchased in the EverStart... You don't have to read it. Just tell us. Talk to us. Well, I wanted to follow Judge's words. I'm trying to bring it down to common terms. I try to write my opinions clearly so that everybody can understand what I'm talking about. So let me try this for a third time. So Ms. Johnson purchased a car battery. It was priced for $77. On the display with the batteries, there was a sign that stated, some states require a fee when you buy a new battery. You can avoid this by bringing in your old battery. When Ms. Johnson went to the register, she was... Or, there was another part to it, wasn't there? Bring in your old battery or... No, there's... You either pay... It says, some states require a fee when you buy a new battery. You can avoid this by bringing in your old battery. So what was the fee? The fee was a $9... Okay, that's what we're... That's the big money in this case. That's the big money here, exactly. So Ms. Johnson was charged a $9 recycling fee at the time that she purchased her battery. She assumed, based on the sign that she saw at the display, that that $9 recycling fee was a fee that would be going to the state, pursuant to state law. In fact, California is not one of the states that requires the imposition of a recycling fee, although it does require retailers to accept old batteries for recycling. The district court in this case granted a motion to dismiss fundamentally on two grounds. The first was the court felt that the plaintiff did not fully and specifically allege a claim of fraud here, pointing out that at the time that she checked out, she in fact knew that she was being charged this $9 fee and went ahead with the purchase. The court also found that the plaintiff failed to allege that she had suffered any injury, because she did not allege that she could have purchased this battery, including the recycling fee that was charged, for an amount less than what she actually paid. This court recently issued its decision in the case of Hinojos v. Kohl's Corporation, which I believe is directly on point. In that case, the plaintiff alleged that the company, Kohl's, was representing that it was offering a $9 recycling fee to the state. And that they were offering goods at a discount to prices that were in fact never charged by the company. For example, in that case, the plaintiff there bought a 200 or what was put as a $299 luggage set at a 40% discount, but in fact, the plaintiff had never been charged, excuse me, the $299 had never been charged by Kohl's Corporation or anyone else besides the plaintiff. So the misrepresentation was they were getting something of greater value than what they believed, they were getting something of lesser value than what they believed it to be. Correct, Your Honor. Although, I did listen to the oral argument in that case. And one of the issues there was that very question was presented to the attorney for the plaintiff there.  There were no allegations as to that. The only allegation in the complaint as here was that had the plaintiff known the truth, the plaintiff would not have done the purchase. So let me ask you, how was your client injured? My client here was injured because she believed that she was purchasing something that was worth $77. The true price of what she was purchasing was $77 plus the $9 that Wal-Mart charged. Added as a quote-unquote recycling fee. That is information about the price of the product that she purchased. That affected her buying decision. To provide an example, if I knew, for example, that the battery was $86, the true price, then I might comparison shop with other places, not take into account that recycling fee at all. So is she saying she wouldn't have paid $86 for the battery, is that what you're saying? Yes, that is what she's saying. Is there any allegation that that same battery was available at a competitor's store for less than the battery? We have no allegation to that effect, Your Honor. So how is she harmed? Again, she's harmed just like the plaintiffs in the Cole case were harmed. Because in her buying decision, she was provided with information, price information. That wasn't full and complete. Well, she was told, if you want the battery and you don't want to trade in your old battery, it's going to cost you $77 plus $9. Right. So how was she misled as to how much money Wal-Mart wanted in exchange for the battery? Well, she was misled as to the nature of that price composition. So had Wal-Mart simply put an $86 tag on the battery, there wouldn't have been a problem? That is correct, Your Honor. Even though she paid the same amount with the two broken out? Yes, that is correct, Your Honor. Isn't the problem here that there's two factual inferences that can be drawn from the sign that Wal-Mart placed? One is that California charges a recycling fee. And two is that when Wal-Mart takes the $9, it's going to give it to California. And in fact, none of those facts are true. California does not charge the fee, and Wal-Mart did not pay the $9 to California. Isn't that your claim? That is precisely our claim, Your Honor. And had she known she was not required to pay and that the money was not going to California, then she would not have paid the fee, not that she wouldn't have bought the battery. Correct, Your Honor. And the reason that we say she would not have paid the fee is because, of course, she didn't know. But is that what you alleged in the complaint?  No, actually, Your Honor, what we allege was that she would not have paid the fee. Okay. So she's injured because she paid $9 when she wasn't required to pay $9. Correct. Now, again, going back to Judge Tolman's issue, this is, if I can go back to the Hinojos case, this really is, as Your Honor correctly pointed out, it's not a question about what the fair market value of what the plaintiff received. We are not alleging that what she received is less than $86. It really is a question about when a purchaser is coming forward and making a buying decision, and they're given information about the makeup of that price. If there's a misrepresentation as to the makeup of that price, that will necessarily affect the buying decision. It isn't the makeup of the price. I think this case has been, it isn't, I don't believe this is a Hinojos case, and I was on that panel, you know that. Yes. Okay. This is slightly different because the fee is broken out. Walmart has no business charging that fee because it's not required by the State of California. It's broken out. It's not part of the cost or part of the value of the battery. That is true, Your Honor. I mean, to be very frank with Your Honor, the way that this case was framed by the defendants and accepted by the district court was to amalgamate both of those costs. And the argument, under that framework, what we've been trying to address, frankly, which is why I believe Hinojos was on point, is that whether the makeup of that price is the true market value or not makes no difference. Yeah, that's not, which is a relevant question in Hinojos, but it's not here, because doesn't the receipt even say $77 for the battery, $9 for the recycling fee? That's exactly what the fee says. It does break out the two fees. So the question here is what happened to that $9? The allegation is Walmart kept it for itself. The, as Your Honor pointed out, the sign taken together with that receipt, the inference of the consumer is that that fee was required by the state and then was passed on to the state. So is the amount of her damage $9? Well, again, so we have damages claims and also restitution claims. But the amount of the only deception is with regard to the $9. She's not challenging the $77 charge for the battery. That is correct. So her theory is that the deceptive practice is the two inferences that you claim can be drawn from the sign, which misled the consumer into believing she had to pay the extra $9. Had she known the truth, what, she wouldn't have bought the battery? She would not have paid the fee. Paid the fee or bought the battery? I mean, we don't know whether the store would have sold her the battery for $7. Well, that's the reason why we have to allege that she would not have paid the fee. If she had come forward and known that in fact the state does not require that fee, she would have said to Walmart, I will not pay that fee. Have you sent anybody in to Walmart to buy a battery to say, do you want to test that? No, we have not. That would be interesting. After this, I might just go to my local Walmart and try it. I haven't tried suggesting to a Walmart, well, I'll give you $77 for that, but not a penny more. It's not bargaining, Your Honor. You're saying that this $9 fee is required. It is not. No, that's the deception, right? So the damage, I think, is limited to $9. It is limited to $9. So what I was trying to say is that... In other words, she went in to buy a battery. She saw a sign, buying a new battery, here's how to save even more. You get free battery testing. You get free battery recycling. Then it says some states require a fee when you buy a new battery. You can avoid this by bringing in your old battery. Now, she paid a recycling fee of $9. And what you're saying is that California does not require a fee when you buy a new battery, right? Correct, Your Honor. So she got screwed out of $9, that's what you're saying. Is that what you're saying? Yes, Your Honor, it's most fundamental, that is exactly what we are saying. Well, that's it, isn't it? Yes, it is, Your Honor. And the implication here is that California requires this fee, and she paid the fee. And she's out $9, and that's her injury, that's her loss. That would be the extent of it. What we're talking about is the $9. And this sign is really kind of a fraud on the public. We believe it is, Your Honor. What does your receipt show? Her receipt shows, it says recycling fee, it shows the price of the battery, then it says recycling fee, $9. But California doesn't require a recycling fee. That is correct. So do you also allege that Walmart kept the money? We do. And so you list several causes of action. What are the elements for your cause of action under Section 17200, unfair business practices? So, well, the elements for an unfair business practice, as Your Honors know, is, of course, we can either go under the fraud prong, the unlawful prong, or the unfair prong. Here we are going under the fraud prong, which is that a reasonable consumer who saw this sign and then went to the cash register and had a receipt referencing a recycling fee would presume that that fee was a fee that was required by the state, that was going to the state, not to Walmart. We believe that if we're able to show that a reasonable consumer would in fact believe that and be misled by that, then we would satisfy Section 17200. But your causation is that the sign misled her into believing to the two things, that she was required to pay the fee and the fee would go to California, not to Walmart. Correct, Your Honor. And this case was kicked out by Judge Reel on a 12B6 motion. There was no discovery. There was no discovery, Your Honor. That's correct. All right. All right. Thank you. Good morning. May it please the Court. My name is Rob Harrington. I am the attorney for Walmart Stores, Inc., the defendant and appellee in this matter.  Yes, Your Honor. What happened to the $9? I couldn't tell you for sure. I believe what happens is it is used in its... You don't know? I'm sorry? You didn't find out what happened to the $9? I did not ask. I did not find out. One of those things where you put blinders on so you wouldn't be able to answer that question in court? No, absolutely not, Your Honor. We were focused on the motion. Why didn't you ask your client what happens to the $9? I would want to know. I will ask them after this hearing, Your Honor. Why don't we take – should we take a recess and you go ask them and come back and tell us? If I could get a hold of someone? We'll let you use the phone. Thank you, Your Honor. You can go charge, except there will be a fee. I believe the answer is... I'll let you use my credit card. Thank you, Your Honor. In our view, the district court's decision should be affirmed based on a straightforward application of two California Court of Appeal decisions, namely the Bauer v. AT&T mobility decision and the Peterson v. Selco decision. Speak up a little. Yes, Your Honor. In both of those cases, the Bauer case, there are facts, particularly Bauer, that are very similar to the facts that are presented in this case. In Bauer, the defendant was able to use a credit card when he was accused of misrepresenting to the plaintiff that it was required by California law to charge a tax on the entire purchase price of the transaction when that was not, in fact, the case. Well, that's not quite right. The AT&T was, in fact, required by the state to pay sales tax on the full value of the phone, even though it was discounted. That's correct. What was misrepresented was whether the consumer had to pay the full price or whether AT&T would pay the difference between tax on what the consumer actually paid versus tax on the whole value of the phone. Isn't that right? The misrepresentation, actually, as alleged in the complaint in that case was that the clerk, in essence, told the plaintiff that we are required to charge you the tax on the whole price. Well, the misrepresentation is different from the misrepresentation here because, in truth and in fact, the Franchise Tax Board in Bauer took the position that AT&T had to pay state sales tax on the $400 price even though the consumer paid $199 and was taxed on $199. That is correct. As to the consumer, though, the representation was that they were not required to charge that fee. They were required to remit to the state the tax based on a $400 phone. The question is, does AT&T pay a portion of it or does the consumer pay the whole amount? That is basically correct. From the consumer's perspective, the consumer was told that we are required And the court said that was not a misrepresentation, right? No, the court did not say that was not a misrepresentation. The court said that there was no harm and therefore no standing under Prop. 64 as well as the Consumer Legal Remedies Act because the economic reality of the plaintiff was not impacted by that misrepresentation. But the problem we have here is that the misrepresentation is the state requires us to pay a $9 recycling fee and if we take the facial allegations of the complaint, then it would be reasonable for the purchaser to think that Walmart was simply passing the $9 through to the state of California when in fact it was just an added profit, I guess that your client took on an otherwise $77 battery. From the plaintiff's perspective in this case, as in Bauer the economic reality was the same. There is no allegation that she would not have bought the battery. There is no allegation that she could have bought the battery elsewhere before that. It's not about the battery, it's about the fee. She would not have paid the fee. Let's say that's right, I would not have paid the fee which is the allegation of the complaint as your Honor points out. Then the question is, okay, she tells Walmart I will not pay this fee. What happens next? You tell us, you're Walmart's lawyer. Well, there are no facts alleged that anything would have changed. Well, how can they allege it? They haven't even had discovery because Judge Reel dismissed it so early. Well, this is the same circumstance that was at issue in Bauer. The plaintiff alleged a failure or that they were harmed that she was harmed because she couldn't negotiate with AT&T Mobility about the tax. She also alleged that she lost the opportunity to shop around. Bauer is a sideshow. You guys go back and forth about Bauer in your briefs but I agree with Judge Tallman, it's distinguishable. Let me ask you a different question. Why does Walmart hang that sign in a state where the fee is not required? What is the reason for hanging that sign at all? Probably business consistency. Probably what? Why does Walmart hang a sign saying some states require this fee in a state that does not require it? I don't know the answer now, Your Honor. That's another question you should ask your client because I happen to think that's very misleading. At the end of the day, the statement that is on the sign is a statement that is an issue of a matter of law. It is a statement of law. Well, it has to find distinction. It's not a matter of law. She lost $9. That's money. Yes, Your Honor. Some people in this world work for $1 all day, you know. And the question of whether or not the state of California requires or does not require the fee is a question of law, a matter of law. What about the implication that Walmart pays the fee to the state of California? It also is a matter of law. That is not. That's a matter of fact. The question of whether or not the fee is a mandatory requirement under the California state law and the implication of whether or not California pays that to the state as a result of the requirement, Taylor's requirement, is in and of itself are legal issues. Are those signs still hanging in the Walmart stores? I do not know the answer, Your Honor. Because if I were Judge Real, I would have issued a preliminary injunction telling you guys to take those signs down. Yes, Your Honor. Well, was sales tax charged on the full amount? I'm sorry, Your Honor. Was sales tax charged on the full amount? In this instance, I don't believe there are any allegations as to whether or not there was. Well, he wants to know on the receipt, what's the truth. I don't believe we have the receipt. I mean, every direct question we're asking you, it's about what factually is the truth, and you don't know the answers to the key questions. And I apologize for that, Your Honor. We are here dealing with a motion to dismiss that was granted at the 12B6 stage based on the conclusion that the plaintiff had not alleged, adequately alleged an actual, concrete, and tangible harm. So do you really believe that losing $9 is not a concrete harm? I don't believe the plaintiff lost $9. I don't believe the plaintiff could have obtained this battery, and she has not alleged that she could have obtained this battery elsewhere for less or without paying the fee. There is no allegation that other stores don't do exactly what Walmart does. There are no allegations that she could have shopped around and gotten a better deal elsewhere. So what happens if someone says, oh, I happen to know that California law doesn't require this $9 fee? Everyone in this courtroom knows that now. Buy a battery at Walmart, don't pay the $9. What happens if they go to the cashier and they say, I'm not going to pay the $9? There is no allegation of complaint as to what would happen, which is precisely the same type of alleged harm. Maybe there's no allegation because they haven't had discovery. Or maybe it's not. The plaintiff, there is no allegation of complaint on that issue, and that is precisely the type of harm that Bower and Peterson found to be too speculative to constitute injury, concrete injury in effect, for purposes of the harm requirement under the UCL, CLRA, and other claims at issue in this case. But in fact, she did, she did pay the $9. She did, yes, Your Honor. And in fact, the $9 never went to the state. I believe that is true, Your Honor. Okay, so then Walmart got $9. How would you characterize that conduct? I didn't hear the last part, Your Honor. How would you characterize that conduct? Walmart got the $9. In this instance. And the sign said the state requires it. But the state doesn't require it. So how would you characterize Walmart's conduct? In this instance. What? In this instance, the plaintiff paid a fully disclosed fee. She knew precisely what she was getting, and she knew precisely what it cost. And there is no allegation she could have done better elsewhere. What's that got to do with it? It has to do with it. I mean, I go into a place and I want to buy something. And they tell me, well, they've got signs up there saying that there's an extra fee of a dollar that I have to pay. And it's false. It's a false statement. I pay the dollar. So have I been cheated out of a dollar? No, Your Honor. No, I haven't been cheated out of a dollar because I didn't go next door to see if I could get it for a dollar less. Nor is there any allegation that one could have, that that is even a possibility. Well, you know, it doesn't take too much brains to figure out that if you pay a dollar and there was no requirement that you paid it, that you got cheated out of it. Well, there was a requirement in the sense that it was part of the economic bargain, part of the economic transaction that was fully disclosed as plaintiff concedes. The plaintiff here is in exactly the same economic situation she would have been either way. There isn't any allegation that she would not have bought a battery. There isn't an allegation that she wouldn't have bought a battery else, or she could have bought this elsewhere for less. Or that she could have gone somewhere else and avoided the fee. Or that she could have negotiated with Walmart and avoided the fee. But why are all those required? Any of those required? Because I believe, Your Honor, because Bauer and Peterson require them. They require them to state a claim or to demonstrate a concrete economic injury. We are not necessarily talking here about standing for constitutional purposes.  What about? Yes, Your Honor. What about this strange idea of honesty in commercial transactions? What do you think about that? I believe that's a good idea, Your Honor. What? I believe that is a good, honesty in commercial transactions is obviously a good idea. Is what? Is a good principle. A good deal? Yes, a good principle. Yes, Your Honor. Okay. All right. Thank you. Yes, Your Honor. At the end of the day, we believe that the decision was correct for at least two reasons. Again, there was no economic injury to this plaintiff. She did not allege that she would not have bought this battery elsewhere or could have avoided the fee. And that the statement alleged, alleged omission as to whether or not the fee was required, is as alleged specifically in the complaint, a matter of California law. That's at the excerpts of record, page 34. And it is alleged expressly in the complaint that this is a matter of law. The recharacterization of this is sort of an implication stemming from the statement is something that has crept its way in the reply brief. Well, it's also crept its way into the restatement second of torts, section 5451, 1977. That was not something that was cited in the briefing, Your Honor. I know. I know. I know. Sometimes the briefs aren't perfect. Yes, Your Honor. And our law clerks just go dig up extra stuff. Yes, Your Honor. Make sure we get it right. Yes, Your Honor. I will look at that. Thank you. Okay. Thank you very much for your time. Thank you. All right. What are you going to tell us now? I am not going to tell you anything unless you have any questions. Don't snatch defeat from the jaws of victory. Yes. Thank you, Your Honors, very much. First rule of oral argument. Thank you. Next time, go to McDonald's. All right. All right. This matter, we'll just take that matter under submission.
judges: Pregerson, Wardlaw, Tallman